IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL JARVIS,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE,<br><br>    Respondents. | Civil Action No. 22-787-GBW |

## **MEMORANDUM**

Presently pending before the Court is Petitioner Michael Jarvis' ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) He contends that the Delaware state courts violated his Fourteenth Amendment rights by: (1) denying his Rule 35(b) motion to modify his sentence on the ground that he is not receiving adequate medical care; and (2) denying his motion to subpoena his medical records. (D.I. 1 at 5, 7)

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States.

*See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is well-settled that "[s]tate courts are the ultimate expositors of state law,"[1] and claims based on errors of state law are not cognizable on habeas review. *See Estelle*, 502 U.S. at 67-68. Notably, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

Although presented in terms of a Fourteenth Amendment violation, Petitioner's challenge to the Delaware state courts' denial of his Rule 35 motion for modification of sentence and his motion to subpoena medical records involves matters of state law that do not provide a proper basis for federal habeas relief. Additionally, to the extent Petitioner is complaining about the medical care he is receiving in prison, the claims challenge a condition of his confinement and do not assert a proper basis for habeas relief. *See Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (holding claims of inadequate medical care and overcrowded prison conditions "do not sound in habeas corpus"); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

---

[1] *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: October 11, 2022

_____
UNITED STATES DISTRICT JUDGE